IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH STANLEY PODSIEDLAK : CIVIL ACTION
:
v. :
: No. 08-5739
JO ANNE B. BARNHART

**MEMORANDUM**

**Juan R. Sánchez, J.** March 31, 2010

Pursuant to 42 U.S.C. § 405(g), Joseph Stanley Podsiedlak asks this Court to review the denial of his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) by the Commissioner of the Social Security Administration (Commissioner). Podsiedlak claims he is disabled as a result of anxiety and pain in his knee, hand, and wrist. Podsiedlak asserts the Administrative Law Judge's (ALJ) decision denying him benefits was not supported by substantial evidence. After reviewing the administrative record, United States Magistrate Judge Elizabeth T. Hey issued a Report and Recommendation (Report), proposing this matter be remanded to the Commissioner for further proceedings. The Commissioner objected to the Report, asserting the ALJ's decision was supported by substantial evidence. This Court disagrees. Accordingly, this Court adopts in part Magistrate Judge Hey's recommendation and remands this matter to the Commissioner.

**FACTS**

Podsiedlak alleges he has been disabled since December 15, 2002, when he was 43 years old.

He is 6'2" tall and weighs 279 pounds. He holds an associate's degree in management. His relevant past work experience includes work as a warehouseman, plant foreman, machine assembler, and demolition crewman.

Podsiedlak claims he is disabled by osteoarthritis, a thyroid condition, anemia, anxiety, and hand, wrist, knee, leg, and back pain. His application for DIB and SSI, filed on September 10, 2004, was denied. At an administrative hearing on February 24, 2006, the ALJ concluded Podsiedlak was not disabled. On April 7, 2006, the Social Security Administration Appeals Council remanded the case to the ALJ for further consideration. The ALJ held a second hearing on April 24, 2007.

On remand from the Appeals Council, the medical record before the ALJ included treatment notes from three of Podsiedlak's treating physicians – general practitioners Maureen Keller, M.D., who treated him from November 2003 to October 2004, and Melanie Williams, D.O., who treated him from August 2005 to March 2007, and orthopedist Bruce Vanett, M.D., who treated Podsiedlak from 2003 to 2004. Dr. Williams completed two Residual Functional Capacity (RFC) assessments, in which she concluded Podsiedlak was unable to perform even sedentary work on a regular and continuous basis. The record also included results of an MRI performed on Podsiedlak's knee on April 28, 2003, and an x-ray performed during a hospital visit he made in September 2005 because of knee pain and swelling. The record contained additional treatment notes from specialists to which Dr. Williams referred Podsiedlak, including orthopedic surgeon E. Balasubramanian, M.D.; rheumatologists Rhashmi Khandilkar, M.D., and Primal Kaur, M.D.; and pulmonologist Wissam Chatila, M.D.

The record also contained assessments conducted by medical consultants for the Commissioner. Gerald Gryczko, M.D., completed an RFC in November 2004, and concluded

2

Podsiedlak could perform light work activities, including occasionally lifting and carrying 20 pounds, frequently lifting and carrying 10 pounds, and standing, walking, or sitting for six hours at a time. J.J. Kowalski, M.D., completed a Psychiatric Review Technique Form (PRTF). Dr. Kowalski concluded Podsiedlak suffered from an anxiety disorder which imposed only mild limitations on his daily life and did not constitute a severe mental impairment. The record also included a vocational expert's (VE) testimony that Podsiedlak could perform sedentary work, such as hand packaging or small parts assembly.

On June 4, 2007, after a second hearing, the ALJ again concluded Podsiedlak was not disabled. On October 29, 2008, the Appeals Council denied Podsiedlak's request for review. Podsiedlak subsequently filed the instant action, seeking review of the ALJ's second denial of DIB and SSI. After reviewing the administrative record, Magistrate Judge Elizabeth T. Hey recommended this matter be remanded to the Commissioner for further consideration of Podsiedlak's claims of disability due to anxiety, hand, wrist, and knee pain, and obesity. The Commissioner filed timely objections to the Magistrate Judge's Report and Recommendation.

**DISCUSSION**

This Court reviews *de novo* the Commissioner's objections to the Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The Court is bound by the ALJ's factual findings as long as they are supported by substantial record evidence. 42 U.S.C. § 405(g); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation marks omitted). Substantial evidence consists of "such relevant evidence as a reasonable mind

3

might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citation and internal quotation marks omitted).

The ALJ must consider all of the evidence presented and provide reasons for discounting any rejected evidence. *Stewart v. Sec'y of HEW*, 714 F.2d 287, 290 (3d Cir. 1983). When there is conflicting testimony, the ALJ may choose whom to credit but "cannot reject evidence for no reason or for the wrong reason." *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993) (citation and internal quotation marks omitted); *see also Williams v. Sullivan*, 970 F.2d 1178, 1187 (3d Cir. 1992) (stating an ALJ may reject conflicting medical evidence).

To qualify for DIB or SSI benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the Commissioner employs a five-step evaluation:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, then the Commissioner considers in the second step whether the claimant has a 'severe impairment' that significantly limits his physical or mental ability to perform basic work activities. If the claimant suffers a severe impairment, the third inquiry is whether, based on the medical evidence, the impairment meets the criteria of an impairment listed in the 'listing of impairments,' 20 C.F.R. pt. 404, subpt. P, app. 1 (1999), which result in a presumption of disability, or whether the claimant retains the capacity to work. If the impairment does not meet the criteria for a listed impairment, then the Commissioner assesses in the fourth step whether, despite the severe impairment, the claimant has the residual functional capacity to perform his past work. If the claimant cannot perform his past work, then the final step is to determine whether there is other work in the national economy that the claimant can perform. The claimant bears the burden of proof for steps one, two, and four of this test. The Commissioner bears the burden of proof for the last step.

*Allen v. Barnhart*, 417 F.3d 396, 401 (3d Cir. 2005) (citation omitted).

4

In this case, the ALJ applied the five-step test in the following manner: First, the ALJ found Podsiedlak had not engaged in substantial gainful activity after December 15, 2002, the alleged onset of his disability. Second, the ALJ found Podsiedlak's arthritis was a severe impairment, but the remainder of Podsiedlak's ailments were not severe impairments. Third, the ALJ found Podsiedlak's arthritis did not meet or equal a listed impairment. Fourth, the ALJ found Podsiedlak could perform sedentary work with a sit or stand option but was not capable of returning to any of his past relevant work. Fifth, the ALJ found, based on the vocational expert's (VE) testimony, that Podsiedlak could perform other available work, such as a hand packager or small parts assembler. Therefore, the ALJ concluded Podsiedlak was not disabled.

After reviewing the administrative record, U.S. Magistrate Judge Elizabeth T. Hey issued the Report, recommending this matter be remanded to the Commissioner for further proceedings. Magistrate Judge Hey concluded: (1) the ALJ improperly rejected Dr. Williams's assessment of Podsiedlak's knee impairment, in part because the ALJ improperly rejected Podsiedlak's complaints of pain and other limitations; (2) the VE should have considered Podsiedlak's hand and wrist impairments when evaluating Podsiedlak's ability to work; (3) the ALJ should have obtained a more recent mental health evaluation; and (4) the ALJ should have considered Podsiedlak's obesity. The Commissioner objects to each of these findings.

First, the Commissioner argues the ALJ properly accorded minimal weight to Dr. Williams's opinion. In deciding what weight to accord medical evidence, an ALJ must first determine whether the evidence is from a treating, non-treating, or non-examining source. A treating source is a "physician, psychologist, or other acceptable medical source" who provides a patient with "medical treatment or evaluation" and has an "ongoing treatment relationship" with the patient. 20 C.F.R. §§

416.902, 404.1502.  A medical source may be considered a treating source if the claimant sees the source "with a frequency consistent with accepted medical practice for the type of treatment . . . required for [the claimant's] condition."  *Id.*  The Commissioner does not object to the Magistrate Judge's characterization of Dr. Williams as a treating source, and Dr. Williams meets this standard because she provided Podsiedlak with medical treatment and evaluation on an ongoing basis.

A treating source's opinion must be given controlling weight if it is supported by medically accepted clinical and laboratory diagnostic techniques and it is consistent with other substantial evidence in the record.  *See* 20 C.F.R. §§ 416.927(d)(2), 404.1527(d)(2); SSR 96-2p, 1996 WL 374188.  A treating source's opinion may be rejected "on the basis of contradictory medical evidence," *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999), or if unsupported by sufficient clinical data, *Newhouse v. Heckler*, 743 F.2d 283, 286 (3d Cir 1985).  The ALJ may also accord the treating source's opinion "more or less weight depending upon the extent to which supporting explanations are provided."  *Plummer*, 186 F.3d at 429 (citation omitted).

The ALJ accorded minimal evidentiary weight to Dr. Williams's assessment of Podsiedlak's condition because her assessment appeared to be based primarily on Podsiedlak's subjective complaints, her opinion regarding Podsiedlak's capabilities is not supported by her records, and Dr. Williams's assessment was contradicted by other evidence in the record – particularly Dr. Gryczko's evaluation, which the ALJ credited.  The ALJ discounted Podsiedlak's subjective complaints because he sought treatment irregularly and infrequently.

The Magistrate Judge concluded the ALJ improperly rejected Dr. Williams's evaluation of Podsiedlak's condition because, viewing the record in its entirety, Dr. Williams's conclusions were

6

consistent with other record evidence. First, Magistrate Judge Hey noted Podsiedlak had long received regular treatment from Dr. Balasubramanian, the specialist who treated his knee pain, and he regularly saw Drs. Khandilkar and Kaur, who treated his knee condition and performed diagnostic tests. Thus, the Magistrate Judge concluded the ALJ's characterization of Podsiedlak's treatment history was incorrect. Second, the Magistrate Judge noted that the Commissioner's medical consultant, Dr. Gryczko, he did not have the benefit of reviewing the opinions of Dr. Balasubramanian, Podsiedlak's treating orthopedic surgeon, or Dr. Khandilkar, his treating rheumatologist. Magistrate Judge Hey also noted Dr. Gryczko's review was limited to Dr. Vanett's notes, prepared by the treating orthopedist in 2004, whereas a review of the entire record shows a worsening of Podsiedlak's symptoms by 2006 and a diagnosis of migratory polyarthritis affecting his hands and wrists. The Magistrate Judge determined the ALJ incorrectly characterized Podsiedlak's treatment history and incorrectly relied on a medical opinion that did not fully incorporate this history. Thus, the Magistrate Judge recommended remand to reconsider Dr. Williams's assessment of Podsiedlak's knee, hand, and wrist impairments, and to review the entire medical record, including the treatment notes of Drs. Khandilkar and Balasubramanian.

The Commissioner objects to the Magistrate Judge's conclusion regarding Dr. Williams's RFC evaluation, arguing the Magistrate Judge improperly overlooked record evidence which contradicted Dr. Williams's assessment of Podsiedlak's knee, hand, and wrist impairments. The Commissioner identifies various pieces of record evidence which tend to support the ALJ's conclusion that, contrary to Dr. Williams's conclusion, Podsiedlak is capable of doing sedentary work.

The question of whether remand is required to reconsider Dr. Williams's assessment is a

close one. As the Commissioner correctly notes, a reviewing court may not set aside the Commissioner's decision if it is supported by substantial evidence, even if the court would have weighed such evidence differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). There is some question, however, whether the ALJ fully considered the entire body of medical evidence, particularly the most recent evidence of Podsiedlak's knee condition. Therefore, this Court overrules the Commissioner's objection and adopts the Magistrate Judge's recommendation to remand for review of the entire medical record, including Dr. Williams's assessment.

Second, the Commissioner argues the ALJ correctly chose not to ask the VE to consider Podsiedlak's hand and wrist infirmities, arguing the ALJ properly discounted Dr. Williams's finding that Podsiedlak had limited ability to use his hands due to insufficient record evidence of such an ailment. In disability determination hearings, vocational expert testimony

> typically includes, and often centers upon, one or more hypothetical questions posed by the ALJ to the vocational expert. The ALJ will normally ask the expert whether, given certain assumptions about the claimant's physical capability, the claimant can perform certain types of jobs, and the extent to which such jobs exist in the national economy.

*Rutherford*, 399 F.3d at 553 (citation and internal quotation marks omitted). In such hypothetical questions, "the ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations*." *Id.* at 554 (emphasis in original). A "credibly established limitation" is one that is "medically supported and otherwise uncontroverted in the record." *Id.* A limitation that is "medically supported but also contradicted by other evidence in the record may or may not be found credible." *Id.* The Magistrate Judge concluded the VE should consider Podsiedlak's limitations in use of his hands and wrists as a result of arthritis. The Commissioner objects to this characterization,

8

pointing to record evidence which suggested Podsiedlak does not suffer from arthritis in his wrists and hands.

Regardless of whether Podsiedlak's condition can be characterized as arthritis, medical evidence within the record shows he has suffered from pain and swelling in his wrists and hands and has sought and received treatment for this condition.[1] As such, his hand and wrist condition is a credibly established limitation that should have been included in any hypothetical question posed to the VE. The Court will therefore adopt the Magistrate Judge's recommendation that the matter be remanded to the Commissioner for consideration of Podsiedlak's hand and wrist impairments.

Third, the Commissioner argues the ALJ did not err in failing to order another psychological evaluation. After the first hearing, in which the ALJ concluded Podsiedlak was not disabled due to mental impairment, the Appeals Council remanded with the instruction that additional evidence was needed to assess the nature and severity of Podsiedlak's anxiety disorder. The Appeals Council noted such evidence might include a psychological examination, if the ALJ determined one was warranted. The ALJ did not order a psychological examination. After the second hearing, the ALJ found Podsiedlak's mental condition had not worsened since the first hearing, and the ALJ concluded his anxiety was adequately controlled with Klonopin. The ALJ determined Podsiedlak's anxiety disorder had only mild effects on Podsiedlak's social functioning and created no restrictions on his daily life activities. The ALJ thus concluded Podsiedlak's anxiety was not a severe impairment.

---

[1] In 2004, Dr. Vanett, an orthopedist, expressed concern that Podsiedlak might be experiencing arthritic symptoms in his wrists, noting Podsiedlak's wrists were swollen. A December 2006 MRI showed wrist joint effusion and an accompanying report noted the possibility Podsiedlak was suffering from rheumatoid arthritis.

The Magistrate Judge disagreed and concluded the record evidence showed Podsiedlak's mental condition had deteriorated since the first hearing before the ALJ. Dr. Chatila, Podsiedlak's treating pulmonologist, noted in March and October 2006 that Podsiedlak complained of increased anxiety and panic attacks. In September 2006, Podsiedlak was admitted to the hospital after complaining of chest pain and was treated with anti-anxiety medication. The Magistrate Judge reasoned this medical evidence was consistent with Podsiedlak's testimony at the two hearings, which suggested increased anxiety. The Magistrate Judge therefore concluded the ALJ's decision that Podsiedlak's mental disorder had not worsened was not supported by substantial evidence. The Magistrate Judge noted there were no recent mental health evaluations in Podsiedlak's record and recommended remand to obtain one.

The Commissioner argues a new psychological evaluation is not warranted under the controlling regulation, which mandates a psychological examination "when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on [a claimant's] claim." 20 C.F.R. § 404.1519a(b). The Commissioner contends a psychological evaluation is unnecessary because the record evidence is sufficient to support the ALJ's finding that Podsiedlak is not disabled by his mental disorder because Podsiedlak's anxiety has been successfully treated with Klonopin. The Commissioner relies on Dr. Kowalski's 2004 psychiatric evaluation, which reported Podsiedlak's anxiety disorder did not restrict his daily life activities and Podsiedlak suffered only mild difficulty in social functioning and maintaining concentration, persistence, or pace. The Commissioner does not address the Magistrate Judge's conclusion that the evidence shows Podsiedlak's mental condition has worsened since the 2004 evaluation. The Court agrees with the Magistrate Judge that remand is necessary to consider whether Podsiedlak's mental condition has

deteriorated and to obtain a current psychological evaluation.

Fourth, the Commissioner argues the ALJ did not err in failing to consider Podsiedlak's obesity in determining whether he was disabled. Podsiedlak reported his height (6'2") and weight (250-295 pounds) to the Commissioner, but he did not complain of obesity to the ALJ. The Magistrate Judge concluded, because she recommended remand on other grounds and because a governing regulation specifically notes obesity may increase severity of musculoskeletal impairments, the ALJ should consider Podsiedlak's obesity on remand. The Commissioner argues the facts of this case mirror those in *Rutherford v. Barnhart*, 399 F.3d 546 (3d Cir. 2005).

In *Rutherford*, although the claimant's height and weight put the ALJ on notice of her obesity, the claimant had not specifically claimed to the ALJ that her obesity made her disabled. The *Rutherford* court held remand was not required because the case's outcome would not be affected by the ALJ's consideration of the claimant's obesity. *Id.* at 553. The court reasoned the ALJ already implicitly considered the claimant's obesity when he relied on the medical evidence to conclude she was not disabled. *See id.* ("[T]he ALJ relied on the voluminous medical evidence as a basis for his findings regarding her limitations and impairments. Because her doctors must also be viewed as aware of Rutherford's obvious obesity, we find that the ALJ's adoption of their conclusions constitutes a satisfactory if indirect consideration of that condition."). Similarly, in this case, although the ALJ accorded little weight to Dr. Williams's assessment, the ALJ did base his evaluation of Podsiedlak's disability on medical evidence, all of which would have incorporated any exacerbation of Podsiedlak's impairments due to his disability. Therefore, the Commissioner's objection to remand to consider Podsiedlak's obesity is sustained, and on remand, the ALJ need not make new inquiry into this topic.

An appropriate order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez
United States District Judge